# EXHIBIT 1

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
**Law Offices of Todd M. Friedman, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff,
Veronica Lowery

E-FILED
12/4/2017 2:57 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV320000
Reviewed By: R. Walker

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA

| | |
|---|---|
| VERONICA LOWERY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> FRESENIUS MEDICAL CARE OF NORTH AMERICA, BIO-MEDICAL APPLICATIONS OF CALIFORNIA, INC., BIO-MEDICAL APPLICATIONS OF LOS GATOS, INC., and DOES 1 to 10, inclusive, <br><br> Defendants. | **CASE NO.: 17CV320000** <br><br> <u>**CLASS ACTION**</u> <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> **JURY DEMAND** <br><br> **Amount to Exceed $25,000** <br><br> 1. **Failure to provide accurate wage statements** <br> 2. **Failure to provide notice of sick leave policy** |

Plaintiff Veronica Lowery (hereinafter "Plaintiff"), hereby submits this Class Action Complaint against Defendant FRESENIUS MEDICAL CARE of NORTH America, Bio-Medical Applications of California, Inc., and Bio-Medical Applications of Los Gatos, Inc. and other as yet unknown entities (hereinafter collectively referred to as "Defendants") on behalf of himself and a class of all other similarly situated current and former employees of Defendants for penalties or damages for failure to keep accurate records, other penalties under the California Labor Code, and for restitution and injunctive relief as follows:

1

**INTRODUCTION**

2     1.     Plaintiff brings this wage and hour Class Action against Defendants, and each
3 of them, pursuant to Code of Civil Procedure §382. Plaintiff brings this action on behalf of
4 himself and for the benefit of all other persons employed directly by Defendants, and each of
5 them, in the position of Non-Exempt employee, including but not limited to "Non-Exempt
6 Hourly Worker" covered by Wage Order 5 and/or 7 who were not provided with accurate
7 Wage Statements pursuant to California law prior and subsequent to the date this action was
8 filed. All allegations in this wage and hour Class Action Complaint are based upon
9 information and belief, except for those allegations which pertain to the Plaintiff named
10 herein and their counsel. Plaintiff's information and beliefs are based upon, inter alia, the
11 investigation conducted to date by Plaintiff and his counsel. Each allegation in this wage and
12 hour Class Action Complaint either has evidentiary support or is likely to have evidentiary
13 support after a reasonable opportunity for further investigation and discovery.

14     2.     On information and belief, for at least four years prior to the filing of this action
15 and through to the present, Defendants jointly employed Plaintiff and the putative class
16 members in Santa Clara County, and other counties in the State of California, and maintained
17 and enforced against Plaintiff and the putative class members the systemic policies, practices,
18 and/or customs complained of herein. Plaintiff seeks relief on behalf of himself, and the
19 members of the Plaintiff Class, as a result of systemic employment policies, practices and
20 procedures, more specifically described below, which violate the California Labor Code, and
21 the orders and standards promulgated by the California Department of Industrial Relations,
22 Industrial Welfare Commission, and Division of Labor Standards Enforcement, and which
23 have resulted in the failure of Defendants to provide Plaintiff and members of the Class and
24 Subclass accurate wage statements. Said employment policies, practices and procedures are
25 generally described as follows:

26       a.     Defendants to provide failed to provide to their non-exempt employees,
27           including Plaintiff and the class members a written notice, containing the
28           language required by Labor Code §2810.5

1    b.    Defendants failed to issue accurate itemized wage statements to their non-
2          exempt employees, including Plaintiff and the class members, in violation of,
3          inter alia, Labor Code §226, §246, and Wage Order 5 and/or 7;

4    3.    Plaintiff also alleges that Defendants, and each of them, had the clear ability to
5  provide accurate wage statements to the Plaintiff and members of the Class, but intentionally
6  failed to do so, in conscious disregard of the rights of Plaintiff and the members of the Class
7  to timely payment of their wages.

8    4.    This action seeks relief for the un-remediated violations of California law
9  including, inter alia:

10   a.    Damages and/or penalties for Plaintiff and Class Members who were not issued
11         accurate itemized wage statements in conformity with California law.

12   b.    Implementation of other equitable and injunctive relief, including, inter alia, an
13         injunction prohibiting Defendants, and each of them, from continuing to:

14         i.    fail to issue accurate itemized wage statements in accordance with the
15               Labor Code and Wage Order 5 and/or 7; and,

16         ii.   fail to provide to their non-exempt employees written notice, containing
17               the language required by Labor Code §2810.5

18   c.    Attorney fees and costs as provided by statute and/or applicable case law
19         including, without limitation, Labor Code §§ 226 and 1194, and Code of Civil
20         Procedure § 1021.5; and such other relief as the Court deems just and proper.

21   5.    The claims herein are brought by Plaintiff on his own behalf and on behalf of
22  the Class which is defined as individuals who are currently or have been employed in
23  California by defendants as non-exempt employees during the Class Period (which
24  commences four years prior to the filing of this action and continues until judgment is
25  rendered herein), and whose working conditions are not controlled by a collective bargaining
26  agreement.

27   6.    "Class Period" shall mean the period from four years prior to the date this
28  Complaint was filed, through and including the date judgment is rendered in this matter.

1 | Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period
2 | as discovery in this matter proceeds.

3 | **JURISDICTION AND VENUE**

4 | 7. This Court has jurisdiction over Plaintiff and Class members' claims for failure
5 | to provide accurate wage statements, including, but not limited to, sections 226, 246, 246.5,
6 | 248.5, and 2810.5 and the IWC wage orders.

7 | 8. This Court also has jurisdiction over Plaintiff and Class members' claims for
8 | penalties in violation of the Labor Code pursuant to UCL section 17202, as well as pursuant
9 | to the applicable Labor Code provisions.

10 | 9. Venue as to all Defendants is proper in this County pursuant to Code of Civil
11 | Procedure section 395(a). Plaintiff is informed and believes, and thereon alleges that
12 | Defendants conducts business, employs Class members, and has locations in this County, and
13 | the events complained of occurred in this County.

14 | **THE PARTIES**

15 | 10. Plaintiff Veronica Lowery has been employed by Defendants as a Non-Exempt
16 | Hourly Worker during the Class Period, including within the last year. Plaintiff is a resident
17 | of the County of Sacramento, California. Plaintiff is a member of the Class.

18 | 11. Plaintiff is informed and believes and thereon alleges that at all times relevant
19 | to this litigation, Defendants FRESENIUS MEDICAL CARE of NORTH America, Bio-
20 | Medical Applications of California, Inc., and Bio-Medical Applications of Los Gatos, Inc.
21 | were and/or are corporations, organized and existing pursuant to the laws of the state of
22 | California, which conducted and/or conducts its business in the State of California.
23 | Defendants were at all relevant times doing business throughout the State of California, have
24 | various offices and locations in the State, and serve numerous customers throughout the State.

25 | 12. Defendants is a "person" as defined in Labor Code section 18. Defendants is
26 | also an "employer" as that term is used in the Labor Code and the IWC wage orders.

27 | 13. The identities of Defendants designated as DOES 1-10 are currently not known.
28 | However, Plaintiff is informed, and believes, and thereon alleges that each of the named and

1 fictitiously named defendants is an "employer" of Plaintiff and the Class by legal recognition
2 under such principles as "joint enterprise", "alter ego", "co-employer" or some other legally
3 recognized principle. Each of the defendants, whether specifically named and fictitiously
4 names, exercises sufficient control over the terms of employment to be legally recognized as
5 an "employer" of Plaintiff and the Class for purposes of California's wage and hour laws and
6 regulations.

7     14.    The members of the Class, including the named, representative Plaintiff, have
8 been employed as non-exempt employees during the Class Period in California.   The
9 practices and policies which are complained of by way of this Complaint are enforced by
10 Defendants throughout the State of California.

11     15.    Defendants directly, and indirectly, hired Plaintiff in Santa Clara County.
12 During all times relevant to this litigation, Plaintiff performed work at various times during
13 the Class Period at agreed upon hourly rates that varied over his period of employment.

14                             **FACTUAL ALLEGATIONS**

15     16.    Defendants' policies, procedures and practices is to deny Plaintiff and members
16 of the putative class notice that an employee: may accrue and use sick leave; has a right to
17 request and use accrued paid sick leave; may not be terminated or retaliated against for using
18 or requesting the use of accrued paid sick leave and has the right to file a complaint against an
19 employer who retaliates.

20 17.    Defendants further fail to provide members of the Class with written notice that sets
21 forth the amount of paid sick leave available, or paid time off leave an employer provides in
22 lieu of sick leave which they are entitled in their itemized wage statements.

23     18.    Defendants' unlawful conduct has been widespread, repeated and willful
24 throughout its facilities in California.   Defendants knew or should have known that its
25 policies and practices have been unlawful and unfair.

26                          **CLASS ACTION ALLEGATIONS**

27     19.    Plaintiff brings this action as a class action pursuant to California Code of Civil
28 Procedure ("CCP") section 382, on behalf of the following defined Class and Subclass:

1             All individuals who are currently or have been employed in
2             California by defendants as non-exempt employees during the
3             Class Period, and whose working conditions are not controlled by
4             a collective bargaining agreement.

5     20.    As used throughout this Complaint, the term "Class Period" shall mean the
6 period from four years prior to the date this Complaint was filed, through and including the
7 date judgment is rendered in this matter.

8     21.    Numerosity: Plaintiff is informed and believes, and on that basis alleges, that
9 during the Class Period, there have been over one hundred Class members. As a result, the
10 members of the Class are so numerous that joinder of all members is impossible and/or
11 impracticable.

12     22.    Commonality: Common questions of law and fact exist as to all members of the
13 Class and predominate over any questions affecting solely individual members of the Class.
14 Among the questions of law and fact, that are relevant to the adjudication of Class members'
15 claims are the following:

16           a.    Whether Defendants' failed to provide Plaintiff and members of the
17                Class with accurate wage statements in violation of Labor Code section
18                226, and applicable Industrial Welfare Commission Orders, and
19                applicable State Regulations;

20           b.    Whether Plaintiff and the class members received written notice,
21                containing the language required by Labor Code §2810.5; and,

22           c.    Whether Plaintiff and members of the Class sustained damages, and if
23                so, the proper measure of such damages, as well as interest, penalties,
24                costs, attorneys' fees, and equitable relief.

25     23.    Typicality: Plaintiff's claims are typical of the members of the Class. Plaintiff,
26 like other members of the Class, was subjected to Defendants' policies and/or practices set
27 forth above.

28

24. Adequacy of Representation: Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in both class action and employment litigation.

25. Superiority: Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. In addition, a class action will serve the important public interest of permitting Class members harmed by Defendants' unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

26. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
(Labor Code §§226.(a), 246, 248.5, and Wage Order 5 and/or 7)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

27. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

28. In 2014, the California Legislature enacted the Healthy Workplaces, Healthy Families Act. Section 246(h)2 reads as follows, in relevant part:

An employer shall provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages. If an employer provides unlimited paid sick leave or unlimited paid time off to an employee, the employer may satisfy this section by indicating on the notice or the employee's itemized wage statement "unlimited."

29. DEFENDANTS has knowingly and intentionally failed to provide Plaintiff and other members of the Class with accurate written wage statements. By not maintaining accurate

7
Class Action Complaint And Jury Demand

1  records of the paid sick leave accrued for employees, DEFENDANTS has failed to provide
2  Plaintiff and members of the Class with written wage statements that accurately reflect,
3  among other things, her amount of accrued paid sick leave. Plaintiff is also informed and
4  believes and thereon alleges that DEFENDANTS has done the same with respect to the wage
5  statements they have provided to thousands of other aggrieved employees. Consequently,
6  DEFENDANTS has violated the rights of Plaintiff and other aggrieved employees under
7  Labor Code §§ 226(a). 246 and 248.5.

8       30.    Pursuant to *Labor Code* §§ 226(e) and (h), Plaintiff and each class member are
9  entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay
10 period in which a violation occurs and one hundred dollars ($100) per employee for each
11 violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand
12 dollars ($4,000). Plaintiff and each class member are further entitled to an award of costs and
13 reasonable attorney's fees.

14      31.    Defendants failed to accurately record the wages due to Plaintiff and members
15 of the proposed class, specifically including, but not limited to, by failing to record premium
16 wages for Defendants' failure to provide proper rest breaks.

17      32.    Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* §
18 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to
19 *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest
20 permitted by statute.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE NOTICE OF SICK LEAVE
(CALIFORNIA LABOR CODE § 2810.5)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

23

24      33.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

25      34.    Labor Code Section 2810.5 states in relevant part:

26           (a)(1) At the time of hiring, an employer shall provide to each employee a
27           written notice, in the language the employer normally uses to communicate

28

8
Class Action Complaint And Jury Demand

1            employment-related information to the employee, containing the following

2            information:

3            ...

4            (H) That an employee: may accrue and use sick leave; has a right to request and

5            use accrued paid sick leave; may not be terminated or retaliated against for

6            using or requesting the use of accrued paid sick leave; and has the right to file a

7            complaint against an employer who retaliates.

8      35.    DEFENDANTS has knowingly and intentionally failed to provide Plaintiff and

9 Class Members with the required written notice of any paid sick leave policy, as required

10 under Labor Code § 2810.5. Consequently, DEFENDANTS has violated the rights of

11 Plaintiff. and other aggrieved employees under Labor Code § 2810.5.

12      36.    Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* §

13 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to

14 *Labor Code* §§ 226.3 and 558, and all other damages, attorneys' fees, costs, expenses and

15 interest permitted by statute.

### ATTORNEY'S FEES AND COSTS

16

17      37.    Plaintiff is entitled to fees and costs, pursuant to California law, including,

18 without limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code* §§ 226 and 1194.

19 Further, enforcement of statutory provisions enacted to protect workers and to ensure prompt

20 payment of wages due employees is a fundamental public interest in California.

21 Consequently, Plaintiff's success in this action will result in the enforcement of important

22 rights affecting the public interest and will confer a significant benefit upon the public.

### PRAYER FOR RELIEF

23

24      WHEREFORE, Plaintiff and members of the Class pray for judgment as follows:

25      a)     An order that the action be certified as a class action;

26      b)     An order that Plaintiff be appointed class representatives;

27      c)     An order that counsel for Plaintiff be appointed class counsel;

28      d)     For nominal damages;

1  e) For compensatory damages;

2  f) For restitution of all monies due to Plaintiff and members of the Class, and

3    disgorged profits from the unlawful business practice of Defendants;

4  g) For penalties pursuant to Labor Code 226, 226.3, 246, 246.5, 248.5, 558,

5    2810.5, and 2699(f)(2);

6  h) For interest accrued to date;

7  i) For costs of suit and expenses pursuant to Labor Code §§ 226 and 1194;

8  j) For reasonable attorneys' fees pursuant to Labor Code §§ 226, and 1194; and,

9  k) For all such other and further relief that the Court may deem just and proper.

10 ///

11         **DEMAND FOR JURY TRIAL**

12  Plaintiff, on behalf of himself and all others similarly situated, demand a trial by jury

13 for himself and all Class members on all claims so triable.

14

15 Dated: November 27, 2017    By:

16

17         Law Offices of Todd M. Friedman, P.C.
         Todd M. Friedman, Esq.

18         Adrian R. Bacon, Esq.
         Attorneys for Plaintiffs and the

19         Proposed Class

20

21

22

23

24

25

26

27

28

Class Action Complaint And Jury Demand

12-5-17 @ 1:35

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FRESENIUS MEDICAL CARE OF NORTH AMERICA,
BIO-MEDICAL APPLICATIONS OF CALIFORNIA, INC.,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VERONICA LOWERY, individually and on behalf of all others
similarly situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
12/4/2017 2:57 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV320000
Reviewed By: R. Walker

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Downtown Superior Court

17CV320000

191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

| DATE:<br>*(Fecha)* 12/4/2017 2:57 PM | **Clerk of Court** | Clerk, by<br>*(Secretario)* | R. Walker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Bio-Medical Applications of California, Inc.**

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 12-5-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lowery v. Fresenius Medical Care of North America, et al. | **17CV320000** |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BIO-MEDICAL APPLICATIONS OF LOS GATOS, INC., and DOES 1 to 10, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

12-5-17 @ /35

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
12/4/2017 2:57 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV320000
Reviewed By: R. Walker

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FRESENIUS MEDICAL CARE OF NORTH AMERICA,
BIO-MEDICAL APPLICATIONS OF CALIFORNIA, INC.,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VERONICA LOWERY, individually and on behalf of all others
similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Downtown Superior Court

17CV320000

191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

| DATE: 12/4/2017 2:57 PM *(Fecha)* | **Clerk of Court** | Clerk, by *(Secretario)* | R. Walker | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* **Bio-Medical Applications of Los Gatos, Inc.**

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*

4. [X] by personal delivery on *(date):*  12-5-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| Lowery v. Fresenius Medical Care of North America, et al. | 17CV320000 |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BIO-MEDICAL APPLICATIONS OF LOS GATOS, INC., and DOES 1 to 10, inclusive

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> Todd M. Friedman, Esq. SBN 216752 <br> Law Offices of Todd M. Friedman <br> 21550 Oxnard St., Suite 780 <br> Woodland Hills, CA 91367 <br> TELEPHONE NO: 877-206-4741    FAX NO.: 866-633-0228 <br> ATTORNEY FOR *(Name)*: Plaintiff, VERONICA LOWERY | **FOR COURT USE ONLY** <br><br> **E-FILED** <br> **12/4/2017 2:57 PM** <br> **Clerk of Court** <br> **Superior Court of CA,** <br> **County of Santa Clara** <br> **17CV320000** <br> **Reviewed By: R. Walker** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
VERONICA LOWERY v. FRESENIUS MEDICAL CARE OF NORTH

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: **17CV320000** |
|---|---|---|---|
| ☐ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☑ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter  ☐ Joinder <br><br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: 2
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 27, 2017

Todd M. Friedman
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> American LegalNet, Inc. <br> www.FormsWorkflow.com |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

**E-FILED**
**12/7/2017 1:19 PM**
**Clerk of Court**
**Superior Court of CA,**
**County of Santa Clara**
**17CV320000**
**Reviewed By: R. Walker**

TO:    FILE COPY

RE:              <u>Lowery v. Fresenius Medical Care of North America, et al.</u>
CASE NUMBER:    **17CV320000**

### ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY

WHEREAS, the Complaint was filed by Plaintiff **VERONICA LOWERY** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **December 4, 2017** and assigned to Department **5** (Complex Civil Litigation), the **Honorable Thomas E. Kuhnle** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department **5** (Complex Civil Litigation), the **Honorable Thomas E. Kuhnle** presiding.

The parties are directed to the Electronic Filing and Service Standing Order and to the Complex Civil Guidelines, copies of which may be downloaded from the Court's website.

Electronic service under this Order shall be construed by the Court and all parties to be equivalent to personal service. The two court days extension of time for electronic service under CCP § 1010.6(a)(4) does not apply. Any document for which service has not been completed by 5:00 p.m. is deemed served the following business day.

All parties are hereinafter ordered to submit to the Court's E-Filing website digital copies of all documents that were previously manually filed prior to the entry of this Order.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **VERONICA LOWERY**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **March 23, 2018 at 10:00 a.m. in Department 5** and all counsel are ordered to attend in person.

1

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: **12·6·17**

Hon. **Thomas E. Kuhnle**
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **17CV320000**

### READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

   **Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Hon. Thomas E. Kuhnle**                     Department: **5**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

        Date: **3/23/2018**          Time: **10:00 am**  in Department **5**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

        Date: _____  Time: _____  in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---